UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

UNITED STATES OF AMERICA          :
                                  :
                v.                :      File No. 1:02-cr-98
                                  :
MARTIN BOROIAN                    :
_____ :

ORDER
(Papers 46 and 55)

This matter is before the Court on the Magistrate Judge's
Report and Recommendation (Paper 55) and the parties' objections
(Papers 56, 57).  The Court has considered de novo those portions
of the Report and Recommendation to which objections pertain.
For the reasons set forth below, the Court finds that Defendant's
notice of appeal was effective as of the date received by the
Court of Appeals, July 26, 2004, pursuant to Fed. R. App. P.
4(d).  The Court therefore lacks jurisdiction to consider
Defendant's motion to vacate, set aside, or correct his sentence
pursuant to 28 U.S.C. § 2255 (Paper 46); consequently,
Defendant's motion is DENIED without prejudice.[1]

The Court additionally certifies this Order and the legal
question it raises, pursuant to its own motion under 28 U.S.C. §
1292(b):  Whether a notice of appeal is effective where a pro se
defendant filed the notice with the court of appeals, and the

_____
    [1]   See Thai v. United States, 391 F.3d 491, 494-95 (2d Cir. 2004)
(initial motion that is dismissed without prejudice because it contains
curable procedural defects or because it presents unexhausted claims is not a
first motion for purposes of rule requiring leave of Court of Appeals to file
second or successive motions to vacate, set aside, or correct).

court of appeals date-stamped the notice as timely received, but subsequently returned the appeal filings to defendant's former attorney because it was "unable to match these papers with any present appeal," rather than forwarding the notice to the district court, pursuant to Fed. R. App. P. 4(d)?  Pursuant to a Section 1292 certification, appeal of this Order is permitted if application is made to the Court of Appeals within ten days after entry of this Order.  28 U.S.C. § 1292(b).

Background

Upon review of the record, and solely for the purpose of this Order, the Court finds the following.  Defendant pleaded guilty to making a false statement and received a sentence of one year probation.  Immediately after sentencing on July 13, 2004, Defendant informed counsel that he did not wish to file an appeal,[2] whereupon counsel formally terminated representation. (Def.'s Motion to Vacate, Paper 46-2 at 3-4.)  On July 20, 2004, defendant filed a pro se notice of appeal with the Court of Appeals.  (Def.'s Compliance with Court Order, Paper 54-3 at 11-14; 54-4 at 3-4.)

Date-stamps on Defendant's "Notice of Appeal" form and "Local Form A for Criminal Appeals," show that the Court of Appeals received the filings on July 26, 2004.  (Paper 54-3 at 12, 14.)  On September 8, 2004, however, the Clerk of the Court

---

[2]  Defendant, however, claims that counsel knew of Defendant's wish to appeal.  (Def.'s Motion to Vacate, Paper 46-12 at 8.)

of Appeals mailed the appeal filings to Defendant's former counsel, who was named in the filings, noting that "we are unable to match these papers with any present appeal.  Since these papers do not pertain to any matter pending before this Court, <u>we are unable to assist you</u>.  If you wish to file a Notice of Appeal it should be filed at the <u>District Court</u>." (emphasis in the original).  (Paper 46-2 at 2.)  Counsel subsequently mailed the appeal filings back to Defendant, and neither took further action.

On July 12, 2005, the last day of his sentence of one year probation, Defendant timely filed a motion pursuant to 28 U.S.C. § 2255.[3]  In its consideration of the motion, the Magistrate Judge found that Defendant had been denied the right to appeal because his notice of appeal was received but never docketed pursuant to Fed. R. App. P. 4(d).  (Paper 55 at 6.)  Rule 4(d) states that when an appeal is "mistakenly filed in the court of appeals, the clerk of that court must note on the notice the date when it was received and send it to the district clerk," to be considered filed on the date so noted.

<u>Analysis</u>

The threshold issue here concerns the vitality of Defendant's appeal.  If Defendant's notice of appeal is

---

[3]  Defendant claims in his Section 2255 motion that (1) he was denied his right to a speedy trial, (2) his attorneys did not file adequate pre-trial motions, (3) he was wrongfully barred from contacting his key witness, and (4) he was never provided forms for an appeal.  (Paper 46.)

effective, this Court lacks jurisdiction to consider the Section 2255 motion.  28 U.S.C. § 1291.  To be effective, notice of appeal must be timely received and adequate to provide notice. Fed. R. App. P. 3(c) (requiring that notice must specify the party taking appeal, designate the judgment being appealed, and name the court to which appeal is taken); 4(b) (requiring filing of appeal within ten days of entry of judgment).

It appears that Defendant's notice of appeal was timely.  He was sentenced on July 13, 2004 and the Court of Appeals received his filings on July 26, 2004, according to date-stamps on the back side of the papers.  (Paper 54-3 at 12, 14.)  See Fed. R. App. P. 26 (excluding weekends when computing time).  It also appears that Defendant's appeal filings were adequate to provide notice; they included the "Notice of Appeal" form, listing the correct docket number and sentencing decision being appealed, as well as "Local Form A for Criminal Appeals."  (Paper 54-3 at 11-14.)  Although the forms were not properly filled-out, they provide adequate notice of Defendant's intent to appeal.  See Fed. R. App. P. 3(c)(4) ("[a]n appeal must not be dismissed for informality of form or title of the notice of appeal, or for failure to name a party whose intent to appeal is otherwise clear from the notice."); Billino v. Citibank, N.A., 123 F.3d 723, 726 (2d Cir. 1997) ("If a court determines it is objectively clear that a party intended to appeal, there are neither administrative

4

concerns nor fairness concerns that should prevent the appeal from going forward.").

The Court can find no analogous case where a court of appeals failed to send appeal filings to the district court, pursuant to Rule 4(d), nor where a clerk received appeal filings and returned them to the filing party without docketing, contrary to Rule 4(d).  Courts have construed the filing rules liberally, however, where filing mishaps occurred.  See Deloney v. Estelle, 661 F.2d 1061, 1062 (5th Cir. 1981) (holding that, where pro se notice of appeal evidenced its signing and notarization five days after judgment, "received" stamp of court clerk on reverse side of notice was dated fourteen days after final judgment, and no explanation had been given for delay between receipt and filing forty days after judgment, notice of appeal was timely filed); Moore v. Nelson, 611 F.2d 434, 437 n.4 (2d Cir. 1979) (finding that motion for extension of time for filing notice of appeal, filed within 30-day extension period, adequately invoked appellate jurisdiction where motion was "momentarily" file-stamped on March 8, 1979, that stamp was subsequently crossed out, and court clerk ultimately filed notice of appeal on May 8, 1979 after district court granted motion to extend time).  See also Stevens v. Heard, 674 F.2d 320, 323 (5th Cir. 1982) (holding that, "[s]hould a clerk deny filing to a pleading or other document which is claimed to equate to a notice of appeal, the

5

party whose document is denied filing may raise as a judicial issue whether the document was tendered timely and legally sufficient to serve as notice of appeal").

Defendant appears to have proved his timely, adequate filing of a notice of appeal, which the Court of Appeals apparently failed to forward to this Court pursuant to Fed. R. App. P. 4(d). Therefore, this Court finds that Defendant's notice of appeal was effective as of the date received by the Court of Appeals, July 26, 2004, pursuant to Rule 4(d). Defendant's failure to pursue the appeal, following return of the filings to him, until ten months later when he filed the Section 2255 motion should not change this result. Because the Court finds that Defendant's notice of appeal was effective, it lacks jurisdiction to consider Defendant's current Section 2255 motion, and must DENY without prejudice his motion.

Certification

In its objection to the Report and Recommendation, the Government suggested that this Court "defer consideration of [the notice of appeal] matter to the Court of Appeals." (Paper 57 at 2-3.) After careful consideration, the Court finds the proposed course of action to be appropriate, and certifies this Order and the legal question it addresses for immediate appeal on its own motion. See Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp., 602 F.2d 1062, 1065 (2d Cir. 1979).

6

Section 1292(b) provides in relevant part:

When a district judge, in making in a civil action an
order not otherwise appealable under this section,
shall be of the opinion that such order involves a
controlling question of law as to which there is
substantial ground for difference of opinion and that
an immediate appeal from the order may materially
advance the ultimate termination of the litigation, he
shall so state in writing in such order....

28 U.S.C. § 1292(b).  Post-conviction proceedings under 28 U.S.C.
§ 2255 are treated as civil actions, hence an interlocutory
appeal via Section 1292(b) is available.  <u>Heflin v. U.S.</u>, 358
U.S. 415, 418 n.7 (1959); <u>United States v. Barron</u>, 127 F.3d 890
(9th Cir.1997), withdrawn, 138 F.3d 809 (9th Cir. 1998), <u>rev'd</u>,
172 F.3d 1153 (1999) (en banc).

The question of the vitality of Defendant's notice of appeal
is "controlling" under Section 1292(b) because it presents a pure
question of law concerning the interpretation of Rule 4(d).
There is substantial ground for difference of opinion as to
whether Defendant's appeal is effective under Rule 4(d) if all of
the procedures of the Rule are not followed -- namely, the Court
of Appeals' failure to forward the filings to this Court for
docketing.  In fact, the question appears to be an issue of first
impression in this circuit.

Furthermore, the resolution of this question is likely to
affect the course of the litigation.  If the Second Circuit were
to hold that Defendant is to be denied the right to appeal, this

Court may have to vacate his sentence and re-sentence the Defendant to create a new period in which to appeal.  If, however, the Court is correct that Defendant's notice of appeal was effective, then the Defendant's right to appeal would be protected, without burdening the parties with the time, expense, and delay of vacating and re-sentencing.  See Koehler v. Bank of Bermuda Ltd., 101 F.3d 863, 866 (2d Cir. 1996) (noting that Congress intended Section 1292 to save trial courts time by avoiding fruitless litigation); In re Duplan Corp., 591 F.2d 139, 148, n.12 (2d Cir. 1978) (Section 1292(b) is available for appeal from procedural determinations that may importantly affect the conduct of an action).

<u>Conclusion</u>

This Order raises issues that are ripe for appellate review. The Court finds that Defendant's notice of appeal was timely filed with the Court of Appeals on July 26, 2004, as indicated by date-stamps on the filings, in accordance with Fed. R. App. P. 4(d).  Therefore, the Court lacks jurisdiction over Defendant's Section 2255 motion to vacate, set aside, or correct his sentence, and the motion is DENIED without prejudice.  The Court is of the opinion that this Order presents a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal may materially advance the ultimate termination of this litigation.  Therefore, pursuant to

28 U.S.C. § 1292(b), the Court certifies this Order and the legal question raised:  Whether a notice of appeal is effective where a pro se defendant timely filed the notice with the court of appeals and the court of appeals date-stamped the notice as timely received, but subsequently returned the notice to defendant's former attorney because it was "unable to match these papers with any present appeal," rather than forwarding the notice to the district court, pursuant to Fed. R. App. P. 4(d). Either party wishing to appeal this Order must apply to the Court of Appeals within ten days.  28 U.S.C. § 1292(b).

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 2nd day of February, 2006.

/s/ J. Garvan Murtha
J. Garvan Murtha
United States District Judge